Daniel R. Wood
PO Box 201
Lincoln, MT  59639
T:   406-437-1479
E:   dwood710@yahoo.com

Plaintiff, *Pro Se*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| DANIEL R. WOOD,<br><br>**PLAINTIFF,**<br><br>*v.*<br><br>UNKNOWN PO SUPERVISORS 1 & 2, & JAIMEE SZLEMKO, PROBATION & PAROLE SUPERVISORS, MT DEPT. OF CORRECTIONS, in their individual capacities;<br><br>MATTIE YEDINAK & MCKENZIE LYONS, PROBATION & PAROLE OFFICERS, MT DEPT. OF CORRECTIONS, in their individual capacities;<br><br>LEWIS & CLARK COUNTY;<br><br>KEVIN DOWNS, COUNTY ATTORNEY, LEWIS & CLARK COUNTY, in his individual capacity;<br><br>LEO J. GALLAGHER, FORMER COUNTY ATTORNEY, LEWIS & CLARK COUNTY,  in his individual capacity,<br><br>DEFENDANTS. | CAUSE NO. <u>CV-26-42-H-TJC</u><br><br><br><br>COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF<br>(42 U.S.C. § 1983)<br><br><br> |

## I. PRELIMINARY STATEMENT

¶ 1.    This action arises from Defendants' continued supervision and revocation of Plaintiff after his sentences expired in June 2012. Plaintiff seeks relief under 42 U.S.C. § 1983 for deprivations of liberty without lawful authority, post-expiration.

¶ 2.    The Montana Department of Corrections calculated Plaintiff's sentences as expiring in June 2012, a fact reflected in DOC and NCIC records. Despite this, Plaintiff was repeatedly treated as subject to supervision and revocation authority in the years that followed.

## II. JURISDICTION AND VENUE

¶ 3.    This action arises under the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

¶ 4.    Venue is proper under 28 U.S.C. § 1391(b) because the acts and omissions giving rise to these claims occurred in Lewis and Clark County, Montana.

## III. PARTIES

¶ 5.    Plaintiff Daniel R. Wood is a resident of Montana and was subjected to custody, supervision, revocation proceedings, and restraints on liberty without lawful sentencing authority.

¶ 6.    Defendants Unknown PO Supervisors 1 & 2 were, at relevant times, Probation & Parole Supervisors, MT Department of Corrections.

¶ 7.    At various times relevant to this action, Defendant Jaimee Szlemko served as both a Probation & Parole Officer and later as a Probation & Parole Supervisor.

¶ 8.    Defendants Mattie Yedinak & McKenzie Lyons were, at all relevant times, Probation & Parole Officers, MT Department of Corrections, who supervised Plaintiff.

¶ 9.    Defendant Lewis & Clark County is a municipal entity subject to suit under 42 U.S.C. § 1983.

¶ 10.    Defendant Kevin Downs, County Attorney, Lewis & Clark County was, at relevant times, the final policymaker for revocation charging decisions in Lewis and Clark County.

¶ 11.    Defendant Leo J. Gallagher, Former County Attorney, Lewis & Clark County was, at relevant times, the final policymaker for revocation charging decisions in Lewis and Clark County.

# IV. FACTUAL ALLEGATIONS

## A. UNDERLYING 2004 CASES

¶ 12.   Plaintiff was sentenced in 2004 in three criminal cases in the First Judicial District Court, Lewis and Clark County. *See State v. Wood*, Nos. DC-2004-126, DC-2004-138, DC-2004-286 (Mont. 1st Jud. Dist. Nov. 4, 2004).

¶ 13.   Those sentences were later subject to revocation proceedings in 2014 and 2017, and amended in 2024. *See id.* (revocations July 17, 2014; Dec. 6, 2017; amended judgment Feb. 22, 2024).

¶ 14.   An out-of-time appeal was denied in 2024. *See State v. Wood*, No. DA 24-0643 (Mont. Nov. 12, 2024).

## B. SENTENCE EXPIRATION AND DOC KNOWLEDGE

¶ 15.   DOC calculated Plaintiff's sentences as expiring in June 2012.  DOC and NCIC records listed the sentence as "expired."

¶ 16.   Despite this calculation, DOC continued to treat Plaintiff as subject to probationary supervision and revocation authority.

## C. CONTINUED ENFORCEMENT AFTER EXPIRATION

¶ 17.   DOC did not terminate supervision, notify the County Attorney, or inform the revocation court in 2014 that the sentence had expired.

¶ 18.   Instead, DOC officers continued to supervise Plaintiff, issue violation reports, and maintain revocation eligibility.

## D. PROSECUTORIAL POLICY AND REPEATED REVOCATIONS

¶ 19.   The Lewis and Clark County Attorney's Office maintained a policy of pursuing revocation whenever DOC represented Plaintiff as subject to revocation authority.

¶ 20.   Plaintiff repeatedly notified the County Attorney's Office in writing while incarcerated in Colorado that his Montana sentence had expired and requested lawful resolution.

¶ 21.   Despite this notice, revocation proceedings were pursued: in 2014, resulting in unlawful revocation; again in 2017; again in 2023, with new petitions to revoke.

## E. STATE COURT FINDINGS AND MOOTNESS MANEUVER

¶ 22.    In November 2023, the Montana Supreme Court noted that Plaintiff raised "compelling arguments" regarding the validity of the revocation sentences.  *See* Order of Nov. 28, 2023 at 4, *Wood v. Gootkin* (Mont. Mar. 12, 2024) (No. OP 23–0681).

¶ 23.    After that finding, the State retroactively amended judgments, withdrew revocation petitions, and dismissed charges.  Order Withdrawing State's Petition to Revoke Defendant's Suspended Sentence, Vacating Hearing, and Exonerating Bond & Order Revoking Defendant's Sentence and Amended Judgment, *State v. Wood, supra.*

¶ 24.    The Montana Supreme Court dismissed Plaintiff's habeas petition as moot, not meritless, after the State retroactively amended judgments and withdrew petitions.  Order of Mar. 12, 2024, *Wood v. Gootkin, supra.*

¶ 25.    Plaintiff sought an out-of-time appeal. The Montana Supreme Court denied it, holding no justiciable controversy remained because the State had already mooted the case.  Order of Nov. 12, 2024 at 3, *State v. Wood* (Mont. 2024) (No. DA 24-0643).

## F. NO REMAINING STATE REMEDY

¶ 26.    Plaintiff filed a damages claim with the State of Montana pursuant to state law.  *See* Mont. Code Ann. Ti. 2, Ch. 9, Pt. 3.

¶ 27.    The claim was denied in full.

¶ 28.    Plaintiff is no longer in custody or under supervision, leaving damages as the only available remedy.

# V. CLAIMS FOR RELIEF

## COUNT I:
FOURTEENTH AMENDMENT – UNLAWFUL RESTRAINT
*(AGAINST DOC DEFENDANTS, INDIVIDUAL CAPACITY)*

¶ 29.    Plaintiff incorporates ¶¶ 1-28 by reference.

¶ 30.    Plaintiff had a liberty interest in freedom from custody and supervision absent lawful authority.

¶ 31.   DOC Defendants enforced supervision and revocation authority after the sentence expired in 2012, as reflected in their own records.

¶ 32.   Defendants' actions caused Plaintiff to be subjected to unlawful supervision, custody, and revocation exposure.

¶ 33.   DOC records affirmatively reflected expiration, eliminating any ambiguity regarding sentence status.

## COUNT II:

FOURTEENTH AMENDMENT - FAILURE TO CORRECT ILLEGAL STATUS
*(AGAINST DEFENDANTS DOC SUPERVISORS)*

¶ 34.   Plaintiff incorporates ¶¶ 1-33 by reference.

¶ 35.   Supervisory Defendants knew that Plaintiff's sentence had expired.

¶ 36.   They failed to terminate supervision, correct records, or prevent enforcement.

¶ 37.   This failure directly caused repeated unlawful revocations and restraints.

## COUNT III:

FOURTH AMENDMENT – UNREASONABLE SEARCHES AND SEIZURES
*(AGAINST DEFENDANTS DOC OFFICERS)*

¶ 38.   Plaintiff incorporates ¶¶ 1-37 by reference.

¶ 39.   In August 2023, a Probation & Parole Officer authorized a warrantless search of Plaintiff under a probation-based exception after lawful supervision authority had expired.

¶ 40.   The search resulted in seizure of Plaintiff's person upon discovery of contraband.

¶ 41.   Because Plaintiff was not lawfully subject to supervision, no exception to the warrant requirement applied.

## COUNT IV:

STATE TORT – FALSE IMPRISONMENT
*(AGAINST ALL NAMED DOC DEFENDANTS)*

¶ 42.    Plaintiff incorporates ¶¶ 1-41 by reference.

¶ 43.    Plaintiff was subjected to restraint of liberty after lawful authority expired on June 8, 2012.

¶ 44.    From June 9, 2012 to July 10, 2014, Plaintiff was barred from forward progression and barred from early release considerations which otherwise would have been available on his Colorado state sentence.

¶ 45.    Montana DOC did not notify Colorado of Plaintiff's sentence expiration. Colorado continued to treat Plaintiff as subject to Montana authority.

¶ 46.    Defendant Szlemko arrested Plaintiff on July 14, 2014, after turning himself in to Adult Probation & Parole in Helena. Renewed petitions to revoke were filed.  On July 17, 2014 Plaintiff was released to his Colorado parole following a revocation sentence later addressed in subsequent proceedings.

¶ 47.    In 2017, Plaintiff was arrested on new state felony allegations.  Defendant Szlemko initiated revocation resulting in additional periods of incarceration in 2017–2018.

¶ 48.    Starting in May, 2022, Defendant Lyons began supervising Plaintiff on the most recently revoked and reinstated five year suspended portion of his expired sentences.

¶ 49.    On August 3, 2023, an on-call Probation Officer authorized a warrantless probation search.

¶ 50.    Defendant Lyons requested Petitions to Revoke in all expired cases and later obtained revocation of the bond posted in September, resulting in further imprisonment in October and November.

¶ 51.    Several days of the November, 2023, incarceration extended beyond the November 4, 2023 MTSC Order holding the underlying revocation petitions and new felony allegation in abeyance pending final resolution of the habeas action.

¶ 52.    Plaintiff remained under the abeyance order until the sentencing court amended the 2017 revocation judgments granting Plaintiff credit for time served from 2008 to 2014.

¶ 53.    Plaintiff suffered multiple periods of full restraint of liberty between June 9, 2012 and February 24, 2024, after lawful custodial authority had long since expired.

## COUNT V:

MUNICIPAL LIABILITY – MONELL
*(AGAINST LEWIS & CLARK COUNTY)*

¶ 54.   Plaintiff incorporates ¶¶ 1-53 by reference.

¶ 55.   The County Attorney was the final policymaker for revocation charging decisions.

¶ 56.   The County maintained a policy or custom of pursuing revocation whenever DOC represented Plaintiff, regardless of sentence expiration.

¶ 57.   This policy caused repeated constitutional violations in 2014, 2017, and 2023.

## COUNT VI:

SUPERVISORY / ADMINISTRATIVE DUE PROCESS VIOLATIONS
*(AGAINST COUNTY ATTORNEYS, INDIVIDUAL CAPACITY)*

¶ 58.   Plaintiff incorporates ¶¶ 1-57 by reference.

¶ 59.   Plaintiff does not challenge courtroom advocacy.

¶ 60.   The challenged conduct consists of pre-charge administrative decisions to maintain revocation eligibility and initiate proceedings absent lawful authority, not advocacy.

¶ 61.   The repeated initiation of revocation proceedings across multiple years, despite notice of sentence expiration, reflects a persistent and widespread practice constituting official policy.

¶ 62.   These actions were not advocative and are not protected by absolute immunity.

# VI. DAMAGES

¶ 63.   Plaintiff incorporates ¶¶ 1-62 by reference.

¶ 64.   Defendants subjected Plaintiff to:

    A.   unlawful custody and supervision,

    B.   loss of liberty,

    C.   emotional distress,

B.  loss of liberty,

C.  emotional distress,

D.  economic loss,

E.  bail costs.

¶ 65.  Plaintiff's damages exceed $850,000, subject to proof. *Claim Submission*, Dep't of Admin. (Oct. 11, 2024).

¶ 66.  Defendants knowingly exercised authority that did not exist over multiple years after notice, causing severe disruption to Plaintiff's liberty and psychological stability.

¶ 67.  Individual Defendants acted with reckless or callous indifference, warranting punitive damages.

# VII. RELIEF REQUESTED

Plaintiff respectfully requests:

A)  Compensatory damages in an amount to be proven at trial;

B)  Punitive damages against individual defendants;

C)  Attorneys' fees and costs under 42 U.S.C. § 1988;

D)  Declaratory relief that Defendants' actions violated Plaintiff's constitutional rights;

E)  Such other relief as the Court deems just.

# VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

# IX. VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of May, 2026.

BY: _____

DANIEL R. WOOD, PRO SE